UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMELIA FLAVIN,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**THE TERRYVILLE FIRE DISTRICT, and EDWARD SIMONETTI, in his official and individual capacities,**<br><br>**Defendants.** | **Case No. 2:26-cv-05550**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants The Terryville Fire District (the "District") and Edward Simonetti ("Simonetti") (collectively referred to herein as "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby respond to the Complaint of Amelia Flavin ("Plaintiff") in accordance with the numbered paragraphs thereof as follows:

## AS TO "JURISDICTION AND VENUE"

1. The allegations set forth in Paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to base this action on violations of the statutes cited therein and respectfully refer the Court to the First Amendment and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 for a complete and accurate statement of their contents.

2. The allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff alleges this Court has jurisdiction over this matter based on the statutes cited therein and respectfully refer the Court to 28 U.S.C. §§ 1331, 1343 for a complete and accurate statement of their contents.

3. The allegations set forth in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants

admit that Plaintiff purports venue is proper in this Court based on the statute cited therein and respectfully refer the Court to 28 U.S.C. § 1391 for a complete and accurate statement of its contents. Defendants deny any statements of fact contained in Paragraph 3 of the Complaint.

## AS TO "PARTIES"

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit that Plaintiff used "Department" and "District" interchangeably in the Complaint but deny all allegations of fact contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

## AS TO "FACTS"

### As to "Volunteer Fire Service Pride"

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, except admit that New York has adopted laws and rules related to the recruitment and retention of volunteer firefighters.

16. Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

18. The allegations set forth in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint and refer the Court to the documents referenced in Paragraph 22 of the Complaint which speak for themself.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

30. Defendants admit the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants admit the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

**As to "Background Information About Facebook Accounts"**

46. Defendants admit the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants admit the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants admit the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

**As to "Background Concerning ICE"**

61. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 63 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 64 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 of the Complaint and refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

68. The allegations set forth in Paragraph 68 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 68 of the Complaint.

**As to "Facts Concerning Firefighter Flavin and the Events Giving Rise to this Action"**

69. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 70 of the Complaint.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants admit the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants admit the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants admit the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 76 of the Complaint.

77. Defendants admit the allegations set forth in Paragraph 77 of the Complaint.

78. Defendants admit the allegations set forth in Paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80. Defendants admit the allegations set forth in Paragraph 80 of the Complaint.

81. Defendants admit the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants admit the allegations set forth in Paragraph 82 of the Complaint.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff "was preparing for the birth of her first child" as alleged in Paragraph 83 of the Complaint and further deny all remaining allegations of fact set forth in Paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85. Defendants admit the allegations set forth in Paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89. The allegations set forth in Paragraph 89 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations of fact in Paragraph 89 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

90. The allegations set forth in Paragraph 90 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations of fact in Paragraph 90 of the Complaint and refer the Court to the case law cited therein for a complete and accurate statement of its contents.

91. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 91 of the Complaint.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 92 of the Complaint.

93. Defendants admit that Plaintiff "identified her membership with the Department on her Facebook profile" but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 93 of the Complaint.

94. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 94 of the Complaint.

95. Defendants admit the allegations set forth in Paragraph 95 of the Complaint.

96. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 96 of the Complaint.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 97 of the Complaint.

98. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 98 of the Complaint.

99. Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101. Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102. Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103. Defendants admit the allegations set forth in Paragraph 103 of the Complaint.

104. The allegations set forth in Paragraph 104 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in Paragraph 104 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

105. The allegations set forth in Paragraph 105 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in Paragraph 105 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

106. The allegations set forth in Paragraph 106 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

107. Defendants deny the allegations set forth in Paragraph 107 of the Complaint, except admit that Plaintiff was previously suspended.

108. The allegations set forth in Paragraph 108 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108 of the Complaint and refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

109. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 109 of the Complaint and refer the Court to the "Post" referenced in Paragraph 109 for a complete and accurate statement of its contents.

110. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 110 of the Complaint.

111. Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112. The allegations set forth in Paragraph 112 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations in Paragraph 112 of the Complaint and refer the Court to the case law cited therein for a complete and accurate statement of its contents.

113. Defendants deny the allegations set forth in Paragraph 113 of the Complaint and refer the Court to the document cited therein for a complete and accurate statement of its contents.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 114 of the Complaint.

115. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 115 of the Complaint.

116. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 116 of the Complaint.

117. Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118. Defendants admit the allegations set forth in Paragraph 118 of the Complaint.

119. Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

120. Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121. Defendants admit the allegations set forth in Paragraph 121 of the Complaint.

122. Defendants admit the allegations set forth in Paragraph 122 of the Complaint and refer the Court to the document cited therein for a complete and accurate statement of its contents.

123. Defendants admit the allegations set forth in Paragraph 123 of the Complaint.

124. Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125. Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126. Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127. The allegations set forth in Paragraph 127 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations of fact in Paragraph 127 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

128. The allegations set forth in Paragraph 128 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations of fact in Paragraph 128 of the Complaint.

129. Defendants admit the allegations set forth in Paragraph 129 of the Complaint.

130. Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131. The allegations set forth in Paragraph 131 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations of fact in Paragraph 131 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

132. The allegations set forth in Paragraph 132 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations of fact in Paragraph 132 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

133. Defendants admit the allegations set forth in Paragraph 133 of the Complaint.

134. Defendants admit the allegations set forth in Paragraph 134 of the Complaint.

135. Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136. Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137. Defendants admit the allegations set forth in Paragraph 137 of the Complaint.

138. Defendants admit the allegations set forth in Paragraph 138 of the Complaint.

**AS TO "FIRST CLAIM**
**(Fourteenth Amendment-Due Process via 42 U.S.C. § 1983)"**

139. The allegations set forth in Paragraph 139 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

140. The allegations set forth in Paragraph 140 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

**AS TO "SECOND CLAIM**
**(Fourteenth Amendment-Due Process via 42 U.S.C. § 1983)"**

141. The allegations set forth in Paragraph 141 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 141 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

142. The allegations set forth in Paragraph 142 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

**AS TO "THIRD CLAIM**
**(Fourteenth Amendment-Due Process via 42 U.S.C. § 1983)"**

143. The allegations set forth in Paragraph 143 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 143 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

144. The allegations set forth in Paragraph 144 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 144 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

**AS TO "FOURTH CLAIM**
**(First Amendment - Free Speech via 42 U.S.C. § 1983)"**

145. Defendants deny the allegations set forth in Paragraph 145 of the Complaint.

146. The allegations set forth in Paragraph 146 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

147. Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

148. Defendants deny the allegations set forth in Paragraph 148 of the Complaint.

149. Defendants deny the allegations set forth in Paragraph 149 of the Complaint.

150. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 150 of the Complaint.

151. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 151 of the Complaint.

152. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 152 of the Complaint.

153. The allegations set forth in Paragraph 153 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153 of the Complaint and refer the Court to the statute cited therein for a complete and accurate statement of its contents.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not specifically admitted herein, including, but not limited to, the unnumbered headings in the Complaint and the unnumbered "WHEREFORE" paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction, waiver, laches, estoppel, unclean hands, and/or the applicable statute of limitations.

### THIRD DEFENSE

Defendants at all times acted in good faith and with reasonable grounds to believe that they were not violating the law or statute, or any legal duty owed to Plaintiff.

### FOURTH DEFENSE

Plaintiff's procedural due process claims are barred, in whole or in part, because Plaintiff received all process constitutionally due under the circumstances, including notice and an opportunity to be heard, and/or because constitutionally adequate procedures and remedies were available to Plaintiff.

### FIFTH DEFENSE

Plaintiff's procedural due process claims are barred, in whole or in part, because Plaintiff

cannot establish that she suffered a deprivation of a constitutionally protected property or liberty interest without due process of law.

**SIXTH DEFENSE**

To the extent any challenged act constituted a random or unauthorized deprivation, Plaintiff's procedural due process claims are barred because adequate post-deprivation procedures and remedies were available under New York law.

**SEVENTH DEFENSE**

Plaintiff's First Amendment claim is barred, in whole or in part, because Defendants possessed legitimate governmental and operational interests that outweighed Plaintiff's interest, if any, in the speech at issue.

**EIGHTH DEFENSE**

Plaintiff cannot establish all elements necessary to sustain a First Amendment retaliation claim, including that constitutionally protected speech was a substantial or motivating factor in any actionable adverse action.

**NINTH DEFENSE**

Even assuming arguendo that Plaintiff engaged in constitutionally protected activity, which Defendants do not concede, Defendants would have taken the same challenged action absent such activity for legitimate and lawful reasons.

**TENTH DEFENSE**

Plaintiff's claims against the Terryville Fire District are barred to the extent Plaintiff cannot establish that any constitutional deprivation was caused by an official policy, custom, practice, or decision attributable to an official possessing final policymaking authority sufficient to impose municipal liability under 42 U.S.C. § 1983.

## ELEVENTH DEFENSE

Plaintiff's claims for damages against Defendant Edward Simonetti in his individual capacity are barred, in whole or in part, by the doctrine of qualified immunity because his conduct did not violate any clearly established constitutional right of which a reasonable official would have known and/or because it was objectively reasonable for him to believe that his conduct was lawful under the circumstances.

## TWELFTH DEFENSE

Plaintiff's claims against Defendant Edward Simonetti in his official capacity are duplicative of Plaintiff's claims against the Terryville Fire District and should therefore be dismissed.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages against the Terryville Fire District as a matter of law. Plaintiff likewise cannot recover punitive damages against Defendant Edward Simonetti absent proof satisfying the applicable constitutional standard for such relief.

## FOURTEENTH DEFENSE

Any recovery by Plaintiff must be barred or reduced to the extent Plaintiff failed to take reasonable steps to avoid or mitigate her alleged damages.

## FIFTEENTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were not proximately caused by any unlawful act or omission of Defendants and/or were caused, in whole or in part, by independent or superseding causes for which Defendants are not legally responsible.

## ADDITIONAL DEFENSES

Defendants respectfully reserve the right to amend this Answer should they later discover facts demonstrating the existence of new and/or additional defenses.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever and respectfully request that the Complaint be dismissed in its entirety on the merits, with prejudice; that judgment be entered against Plaintiff and in favor of Defendants, for all costs and attorneys' fees incurred by them in defending this action; and, that Defendants be granted such other and further relief as the Court may deem just and proper.

Dated: November 6, 2026
Melville, New York

**LITTLER MENDELSON, P.C.**

By: */s/ Kimberly N. Dobson*__

Kimberly N. Dobson
290 Broadhollow Road
Suite 305
Melville, New York 11747
Telephone: 631.247.4700
Facsimile: 631.293.4526
kdobson@littler.com

*Attorneys for Defendants*